J-A06041-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| IN THE MATTER OF GENEVIEVE BUSH, AN INCAPACITATED PERSON | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| APPEAL OF: MICHAEL BUSH AND JOSEPH BUSH | |
| | No. 1779 EDA 2014 |

Appeal from the Decree September 16, 2014
In the Court of Common Pleas of Chester County
Orphans' Court at No(s): 1509-1720

BEFORE: GANTMAN, P.J., PANELLA, J., and OTT, J.

MEMORANDUM BY PANELLA, J.:                     **FILED JULY 09, 2015**

Appellants, Michael Bush and Joseph Bush, appeal from the decree entered September 16, 2014, in the Court of Common Pleas of Chester County, which made final the order denying their motion to disqualify George C. Zumbano, Esquire, counsel for their mother, Genevieve Bush ("Mrs. Bush") and granting in part and denying in part Gawthorp Greenwood, PC's petition for attorney fees. After review, we affirm in part, vacate in part, and remand for further proceedings.

The Orphans' Court explained the underlying history of this case as follows.

> The original Petition for Declaration of Incapacity was filed on October 30, 2009 by Joseph and Michael Bush. On December 1, 2009, Thomas K. Schindler, Esquire, G Bradley Ranier, Esquire and Scott M. Klein, Esquire, all entered appearances for

Mrs. Bush. Those counsel and/or combinations of them, represented Mrs. Bush during the initial hearings leading up to her adjudication of incapacity in June of 2011. In that adjudication, [the Orphans' Court] found Mrs. Bush to be an Incapacitated Person within meaning of the Guardianship statute, 20 Pa. C.S.A. §5112; [the court] appointed Joseph Bush guardian of her estate and Michael Bush and Mary Bush co-guardians of her person. Exceptions were filed by Mary Bush and Mrs. Bush, through their respective counsel, which [the court] ultimately dismissed.

On July 20, 2011, Mssrs. Schindler, Ranier and Klein withdrew their respective appearances on behalf of Mrs. Bush, and George C. Zumbano, Esquire, of Gawthorp Greenwood, PC, … entered his appearance. Mary Bush, through counsel, and Mrs. Bush, through Mr. Zumbano, appealed [the court's] adjudication to the Pennsylvania Superior Court, which [was] eventually affirmed. Mr. Zumabano represented Mrs. Bush in her appeal, and has continued to represent her through the multitude of proceedings, interventions, and hearings since then.

After a review hearing, on May 14, 2013, [the Orphans' Court] removed Mary Bush as co-guardian and appointed Elizabeth M. Srinivasan, Esquire, to serve with Michael Bush as co-guardian of Mrs. Bush's person.[3]

[3] In June 2013, Mary Bush appealed this Order and two other Orders to the Pennsylvania Superior court. There has been no disposition of the appeal at this time.

It is important to note that, throughout all of the guardianship proceedings, Mary Bush has had independent counsel of her own.

Legal Fees

On March 22, 2012, upon consideration of dueling counsel fee petitions, [the Orphans' Court] ordered the estate of Mrs. Bush to pay $10,000 to MacElree Harvey, Ltd. For post-degree legal fees incurred by Michael and Joseph Bush, and $10,000 to Mr. Zumbano for post-decree legal fees incurred by Mrs. Bush. In [its opinion, the court] stated that there were substantial fees charged for services which Mrs. Bush's estate could not bear, and that [the court] would not decimate the nest egg she and her late husband worked hard to create because her squabbling children could not play nice.

Orphans' Court Opinion, 4/25/14 at 1-3.

On June 24, 2013, Attorney Zumbano filed a petition for allowance of payment of attorney's fees related to the representation of Mrs. Bush from December 2011 through May 2013. On August 16, 2013, Appellants filed a motion to disqualify Attorney Zumbano as counsel for Mrs. Bush. On April 25, 2014, after a hearing, the court issued a decision and order directing Mrs. Bush's estate to pay $5,000.00[1] to Attorney Zumbano's law firm, Gawthorp Greenwood, PC, and denying Appellant's motion to disqualify Attorney Zumbano as Mrs. Bush's counsel.

Appellants filed exceptions to the order on May 15, 2014. On June 3, 2014, the court denied and dismissed Appellants' exceptions. On June 20, 2014, Appellants filed a timely notice of appeal.[2]

Appellants raise the following issues for our review:

A. Whether counsel for the incapacitated person was unauthorized to act, or otherwise disqualified from acting, on her behalf when counsel was selected by, contracted by and paid by a person that was previously adjudicated to have committed undue influence on the incapacitated person?

---

[1] Attorney Zumbano had requested $21,343.73 in fees. The courted noted, "Whether or not Mr. Zumbano chooses to continue his representation of Mrs. Bush in light of my unwillingness to award any further counsel fees is a decision he will have to make." Orphans' Court Opinion, 4/25/14 at 8.

[2] On August 29, 2014, Appellants' counsel filed a praecipe for entry of a final decree on the trial court docket. *See* Pa.R.A.P. 301(d). The lower court ultimately entered a final decree on the trial court docket on September 16, 2014. *See* Pa.R.A.P. 905(d).

B. Whether counsel for the incapacitated person was properly awarded payment from the incapacitated person's estate when

1) there was a contractual agreement for the payment of all fees by and between Counsel and Mary Bush,

2) a non-waivable conflict of interest in Counsel's representation existed, and

3) the lower court denied discovery and cross-examination into the scope of Counsel's services for the Incapacitated Person?

Appellant's Brief at 3.

Our standard when reviewing a decree entered by the Orphans' Court is as follows:

When reviewing a decree entered by the Orphans' Court, this Court must determine whether the record is free from legal error and the court's factual findings are supported by the evidence. Because the Orphans' Court sits as the fact-finder, it determines the credibility of the witnesses and, on review, we will not reverse its credibility determinations absent an abuse of that discretion. However, we are not constrained to give the same deference to any resulting legal conclusions. Where the rules of law on which the court relied are palpably wrong or clearly inapplicable, we will reverse the court's decree.

*In re Estate of Fuller*, 87 A.3d 330, 333 (Pa. Super. 2014) (citation omitted).

Appellants argue in their first issue that the Orphans' Court erred when it denied their motion to disqualify Attorney Zumbano as counsel for Mrs. Bush. Appellants claim, among other things, that Mary Bush did not have the express or implied authority under the Guardianship Act to hire Attorney Zumbano to act on behalf of Mrs. Bush, and that Attorney Zumbano had a

conflict of interest that disqualified him from the representation. *See* Appellants' Brief, at 15-33.

At a hearing dedicated to the parties' outstanding motions, the Orphans' Court delayed any inquiry into Attorney Zumbano's authority to act on behalf of Mrs. Bush until a later hearing dedicated specifically to Appellants' disqualification motion. *See* N.T., Hearing, 4/9/13 at 37-44 (sustaining objection to inquiries regarding Attorney Zumbano's authorization to represent Mrs. Bush until a disqualification hearing). Our review of the record reveals that, although the Orphans' Court conducted a lengthy hearing on Attorney Zumbano's petition for attorney's fees, the court neglected to conduct a hearing or otherwise admit evidence on Appellants' disqualification motion before it summarily denied Appellants' motion on April 25, 2014.

We are therefore constrained to vacate the final decree of the Orphans' Court to the extent that it affirmed the denial of Appellants' motion for disqualification of Attorney Zumbano. On remand, we direct the Orphans' Court to hold a hearing dedicated specifically to Appellants' disqualification motion. We additionally vacate that portion of the decree granting Attorney Zumbano's petition for attorney's fees, pending a resolution of Appellants' disqualification motion. We direct the Orphans' Court to reassess Attorney Zumbano's petition for fees following the hearing as necessary. We affirm the final decree in all other aspects.

Decree affirmed in part and vacated in part. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/9/2015